IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB 14 2011

D. MARK JONES, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| DAVID PRESZLER, et al., Plaintiff(s), | **ORDER** |
| vs. | |
| LEVY & CRAIG., et al., Defendant(s), | Case No. 1:10-cv-108 |

Before the court are Defendant Lawrence Bank's Motion to Dismiss and Defendant Levy & Craig's Motion for Summary Judgment. For the reasons stated herein, both motions are granted.

In its motion, Lawrence Bank argues that it is not a debt collector within the meaning of the Fair Debt Collections Practices Act ("FDCPA"). Instead, Lawrence Bank argues that it is a creditor under the FDCPA. The court agrees. The FDCPA restricts practices of "debt collectors" collecting "debts," but it does not impose the same restrictions on "creditors." *See, e.g.*, 15 U.S.C. § 1692(I); *See also Schmitt v. FMA Alliance*, 398 F.3d 998, 998 (8th Cir. 2005). The undisputed facts of this case show that Lawrence Bank is a "creditor" and not a "debt collector."

The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). On the other hand, a

"debt collector" is defined as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due [to] another." *Id.* § 1692a(6). In other words, a "creditor" is one who collects his own debts and a "debt collector" is one who seeks to collect the debts of another. The FDCPA intentionally distinguishes between debt collectors and creditors, and the two categories are mutually exclusive. *Id.*

The FDCPA does not regulate the actions of "creditors" such as Lawrence Bank. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005). The Act is aimed at debt collectors, who may have no future contact with the consumer and often are unconcerned with the consumer's opinion of them. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003). Additionally, vicarious liability for an attorney's actions is imposed under the FDCPA only if the client itself is a debt collector and not a creditor.

Because Lawrence Bank is a creditor and not a debt collector, it cannot be vicariously liable. For this reason, and for the additional reasons stated in Lawrence Bank's brief, the court **GRANTS** the Motion to Dismiss.

In its Motion for Summary Judgment, Levy & Craig argue that the plaintiffs' claims under the FDCPA fail as a matter of law because the plaintiffs' claims are not based upon consumer debt. This court agrees.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692i. Debts obtained for investment purposes are not considered consumer debts under the FDCPA. *See e.g., Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068–69 (9th Cir. 1992).

The plaintiffs failed to offer any evidence showing that the debts were incurred for consumer debt purposes. Moreover, the undisputed evidence demonstrates that the plaintiffs' debts were incurred as a result of investments. The FDCPA has no application in this matter.

For these reasons, and the others cited in their brief, Levy & Craig's Motion to for Summary Judgment is **GRANTED.**


DATED this 14 day of February, 2011.

Dee Benson
United States District Judge